**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| HIRE TECHNOLOGIES, INC., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-2251 |
| | § | |
| COMSYS INFORMATION | § | |
| TECHNOLOGY SERVICES, INC., | § | |
|     Defendant. | § | |

**MEMORANDUM AND ORDER**

This case is before the Court on the Motion for Partial Summary Judgment ("Motion") [Doc. # 24] filed by Defendant Comsys Information Technology Services, Inc. ("Comsys"), to which Plaintiff Hire Technologies, Inc. ("Hire") filed its response in opposition [Doc. # 27], and Comsys filed a reply [Doc. # 30]. Based on a careful review of the full record in this case and the governing legal authorities, the Court concludes that Defendant's Motion should be **granted in part and denied in part**.

**I.    FACTUAL BACKGROUND**

Hire and Comsys are staffing firms which supply information technology ("IT") consultants to third parties. Hire and Comsys entered into a Supplier Agreement pursuant to which Hire supplied IT consultants to Comsys for placement with other clients. The Supplier Agreement provided that Comsys would not solicit or hire "any employees" of Hire "about whom they received information, or to whom

they were introduced as a result of the [Supplier] Agreement." *See* Supplier Agreement, Exh. 1 to Motion.

Hire supplied five IT consultants to Comsys – Michael Huang, Arshad Kutty, Samir Pawar, Hoa Johnson, and John Anadkumar. Hire alleges that Comsys hired these five IT consultants in breach of the Supplier Agreement. Hire also alleges that it contracts with employees and that Comsys tortiously interfered with those contracts. *See* Hire's Second Amended Complaint [Doc. # 14], ¶ 17. Hire also alleged in its Second Amended Complaint that Comsys breached a fiduciary duty to Hire, but advises in its Response that it "has dropped" that claim. *See* Response, p. 1.

**II.     ANALYSIS**

   **A.     Standard for Motion for Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure requires the entry of summary judgment, after an adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed

in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex*, 477 U.S. at 322-23; *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). An issue is material if its resolution could affect the outcome of the case. *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.,* 290 F.3d 303, 310 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). In deciding whether a fact issue has been created, the facts and the inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co. ,* 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the nonmovant "only when there is an actual controversy – that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999).

The party moving for summary judgment has the initial burden of demonstrating the absence of a material fact issue with respect to those issues on which the movant bears the burden of proof at trial. *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998). If the movant meets this burden, the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine

issue for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (quoting *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1998)).

The nonmovant's burden is not met by mere reliance on the allegations or denials in the nonmovant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002) (noting that "unsworn pleadings do not constitute proper summary judgment evidence"). Likewise, "unsubstantiated or conclusory assertions that a fact issue exists" do not meet this burden. *Morris v. Covan Worldwide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998). Instead, the nonmoving party must present specific facts which show "the existence of a 'genuine' issue concerning every essential component of its case." *Id.* In the absence of any proof, the court will not assume that the nonmovant could or would prove the necessary facts. *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *revised on other grounds upon denial of reh'g*, 70 F.3d 26 (5th Cir. 1995); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

### B.     Breach of Contract Claim

Comsys seeks summary judgment on Hire's breach of contract claim as to Kutty, Anadkumar, Pawar, and Johnson, but not as to Huang. Hire conceded in its

Response that it is not pursuing a breach of contract claim as to Kutty and Johnson.[1] *See* Response, at 1. The motion for summary judgment on the breach of contract claim as it now stands involves only Anadkumar and Pawar.

In order to prevail on a breach of contract claim, a plaintiff must establish the existence of a contract, the performance or tender of performance by the plaintiff, a breach by the defendant, and damages as a result of that breach. *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 577 (5th Cir. 2003) (citing *Frost Nat'l Bank v. Burge*, 29 S.W.3d 580, 593 (Tex. App.—Houston [14th Dist.] 2000, no pet.)). In this case, it is undisputed that the parties entered into the Supplier Agreement. The dispute involves the interpretation of that contract, which provides that Texas law applies. *See* Supplier Agreement, ¶ 13.

The Court is to interpret the terms of an unambiguous contract as a matter of law. *Gonzales v. Denning,* 394 F.3d 388, 392 (5th Cir. 2004); *MCI Telecommunications Corp. v. Texas Utilities Electric Co.*, 995 S.W.2d 647, 650 (Tex. 1999). Texas follows the "four corners rule," where the intention of the parties is to be gathered from the instrument as a whole. *Breitenfeld v. SAS Institute, Inc.*, 147 S.W.3d 672, 677 (Tex. App. – Dallas 2004, no pet.); W*eingarten Realty Investors v.*

---

[1]   Kutty was an employee of Comsys before he became an employee of Hire, and it is undisputed that Hire agreed that Comsys could hire Johnson.

*Albertson's Inc.*, 66 F. Supp. 2d 825, 838 (S.D. Tex. 1999) (citing *Reilly v. Rangers Mgmt., Inc.*, 727 S.W.2d 527, 529 (Tex. 1987)).  Thus, "the language should be given its plain grammatical meaning unless it definitely appears that the intention of the parties would thereby be defeated."  *Reilly*, 727 S.W.2d at 529 (citing *Fox v. Thoreson*, 398 S.W.2d 88, 92 (Tex. 1966)).

A court must determine whether a contract is ambiguous as a matter of law. *Instone Travel Tech Marine & Offshore v. International Shipping Partners, Inc.*, 334 F.3d 423, 428 (5th Cir. 2003); *National Union Fire Ins. Co. v. CBI Industries, Inc.*, 907 S.W.2d 517, 520 (Tex. 1995).  The terms of a contract are ambiguous if they are subject to two or more reasonable interpretations.  *Balandran v. Safeco Ins. Co.*, 972 S.W.2d 738, 741 (Tex. 1998).  On the other hand, if the terms of the contract can be given a definite or certain legal meaning, then the contract is not ambiguous. *National Union*, 907 S.W.2d at 520.  The Court may not consider parol evidence for the purpose of creating an ambiguity.  *DRC Parts & Accessories, L.L.C. v. VM Motori, S.P.A.*, 112 S.W.3d 854, 857 (Tex. App. – Houston [14th Dist.] 2003, no pet.); *National Union*, 907 S.W.2d at 521.

In this case, it is undisputed that the Supplier Agreement prohibited Comsys from soliciting or hiring **Hire's** "employees."  *See* Supplier Agreement, Exh. 1 to Motion.  It is also undisputed that Anadkumar and Pawar were employed by other

entities. Specifically, Anadkumar was an employee of Hexaware, and Pawar was an employee of Computer Enterprises. It is undisputed that these companies paid Anadkumar and Pawar's salaries, withheld their payroll taxes, confirmed their legal work status, issued their W-2 forms for income tax purposes, maintained their personnel files, and provided their workers' compensation insurance. Although Hire argues that the term "employee" as used in the Supplier Agreement is ambiguous, the Court concludes as a matter of law that the term is not ambiguous. When given its clear and standard meaning, the term "employee" of Hire would not include Anadkumar and Pawar. Indeed, Bo Jones, Hire's president, testified in his deposition that Pawar did not ever become Hire's own employee . *See* Jones Deposition, Exh. 4 to Motion, p. 228.

Because Anadkumar and Pawar were not Hire's employees, Comsys did not breach the Supplier Agreement by soliciting or hiring them. Comsys is entitled to summary judgment on Hire's breach of contract claim as to Anadkumar, Pawar, Kutty, and Johnson. The claim remains pending as to Huang.

### C.  **Tortious Interference Claim**

Hire alleges that it had contracts with certain employees and that Comsys tortiously interfered with those contracts. *See* Hire's Second Amended Complaint [Doc. # 14], ¶ 17. Hire states in its Response that it sues for tortious interference with

its contracts with the IT consultants except Johnson, whom Hire agrees went to work for Comsys with Hire's permission. For the reasons stated above, Hire has not presented evidence that it had a contract with Anadkumar and Pawar.[2] Comsys argues that it is entitled to summary judgment on Hire's tortious interference claim as to Huang and Kutty because of the "competitor's privilege" and because Hire has failed to show that Comsys was a stranger to Hire's contracts with Huang and Kutty.

To establish tortious interference with contractual relations under Alabama law,[3] Plaintiff must prove "1) the existence of a contract or business relation; 2) the defendant' knowledge of the contract or business relation; 3) intentional interference by the defendant with the contract or business relation; 4) the absence of justification for the defendant's interference; and 5) damage to the plaintiff as a result of the interference." *Tom's Foods, Inc. v. Carn*, 896 So. 2d 443, 453 (Ala. 2004). Justification "is an affirmative defense to be pleaded and proved by the defendant." *Id.* at 454.

---

[2] Plaintiff argues in its Response that its tortious interference claim as to Anadkumar and Pawar relates to the contracts Hire had with the employers of these two IT consultants. Plaintiff in its Second Amended Complaint, however, alleges specifically and unequivocally that its tortious interference claim relates to "contracts with different employees." Second Amended Complaint, ¶ 17.

[3] The parties agree that Alabama law applies to Plaintiff's tortious interference claim.

Comsys argues that Hire's tortious interference claim is barred by the "competitor's privilege." "The competitor's privilege applies when the contract involved is terminable at will or when the defendant causes a third person not to enter into a prospective contract with another who is his competitor." *Id.* at 457 (quoting *Soap Co. v. Ecolab, Inc.*, 646 So. 2d 1366, 1369 (Ala.1994)). The competitor's privilege provides that "(1) One who intentionally causes a third person . . . not to continue an existing contract terminable at will does not interfere improperly with the other's relation if (a) the relation concerns a matter involved in the competition between the actor and the other; and (b) the actor does not employ wrongful means; and (c) his action does not create or continue an unlawful restraint of trade; and (d) his purpose is at least in part to advance his interest in competing with the other." *Id.*

In this case, there is a genuine issue of material fact regarding whether Hire and Comsys are competitors. Although Jones testified that Hire competes with other staffing companies for IT professionals, he did not identify Comsys as one of Hire's competitors. Moreover, the Supplier Agreement characterizes Hire as Comsys's supplier, rather than its competitor. Additionally, Comsys has not presented evidence that the contracts between Hire and its employees were terminable at will. As a result, Comsys is not entitled to summary judgment on the "competitor's privilege" justification.

Comsys also argues that Hire has not shown that Comsys is a stranger or third party to Hire's contracts with its employees. Under Alabama law, an essential element of a tortious interference with contractual relations claim is that "the defendant is a 'third party,' i.e., a 'stranger' to the contract with which the defendant allegedly interfered." *Tom's Foods*, 896 So. 2d at 454. "This is so, because 'a party to a contract cannot, as a matter of law, be liable for tortious interference with the contract.'" *Id.* (quoting *Lolley v. Howell*, 504 So. 2d 253, 255 (Ala.1987)). Even if the defendant is not a party to the contract, it does not necessarily follow that it is a stranger to the contract. *Id.* For example, the defendant can have a "beneficial or economic interest in, or control over," the relationship at issue. *Id.* (citing *Waddell & Reed, Inc. v. United Investors Life Ins. Co.*, 875 So. 2d 1143, 1154 (Ala. 2003)). Additionally, the defendant may be the agent for one of the parties to the contract. *Id.* In this case, it does not appear that Comsys is a party to the contracts between Hire and its employees, or that it had an interest in or control over those contracts. Additionally, there is no indication that Comsys had an agency relationship with any party to the employment contracts. Consequently, it appears from the current record that Comsys is a stranger to the contracts between Hire and Huang and Kutty for purposes of Hire's tortious interference claim, but that issue is not so clearly established that summary judgment would be appropriate.

Hire agreed to allow Comsys to hire Johnson and, therefore, does not assert a tortious interference claim regarding this IT consultant. Hire did not have a contract with Anadkumar and Pawar and, therefore, Comsys could not tortiously interfere with such employee contracts. Genuine issues of material fact, however, preclude summary judgment on Comsys's justification issues of competitor's privilege and stranger status as to Huang and Kutty.

### III. CONCLUSION AND ORDER

Anadkumar and Pawar were not Hire's employees and, therefore, Comsys did not breach the Supplier Agreement when it solicited and hired these two IT consultants. Hire did not have a contract with Anadkumar or Pawar and, therefore, Comsys did not tortiously interfere with such contracts. Comsys is entitled to summary judgment on Hire's breach of contract claim regarding all IT consultants except Huang.

There is a genuine issue of material fact regarding whether Comsys and Hire were competitors such that the "competitor's privilege" would apply to bar Plaintiff's tortious interference claim as to Huang and Kutty, and regarding whether Comsys was a stranger to the employment contracts with Huang and Kutty. Comsys is entitled to summary judgment on Hire's tortious interference claim in connection with

Anadkumar and Pawar, but summary judgment is denied as to the claim involving Huang and Kutty. Accordingly, it is hereby

**ORDERED** that Defendant's Motion for Partial Summary Judgment [Doc. # 24] is **GRANTED** in part and **DENIED** in part. The case remains scheduled for docket call on **January 20, 2006**, and the parties are reminded that mediation is required in this case.

SIGNED at Houston, Texas, this **17th** day of **November, 2005**.

*/s/ Nancy F. Atlas*
Nancy F. Atlas
United States District Judge